**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 11, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP1795**

**STATE OF WISCONSIN**

Cir. Ct. No. 2006CI2

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE COMMITMENT OF KENNETH WILLIAM JAWORSKI:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

KENNETH WILLIAM JAWORSKI,

    RESPONDENT-APPELLANT.

      APPEAL from an order of the circuit court for Milwaukee County: DENNIS R. CIMPL, Judge. *Affirmed*.

      Before Donald, P.J., Dugan and Graham, JJ.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Kenneth William Jaworski, *pro se*, appeals from an order denying his petition for discharge from a WIS. STAT. ch. 980 (2019-20) commitment.[1]  We reject his appellate arguments and affirm.

## BACKGROUND

¶2    This appeal stems from Jaworski's petition for discharge from his commitment as a sexually violent person.  At the bench trial on his petition, three psychologists disagreed over whether Jaworski had a predisposing mental disorder and whether his risk of committing a future act of sexual violence exceeded the more likely than not threshold.   The circuit court concluded that Jaworski continued to satisfy the criteria for commitment.  In so doing, the circuit court observed that Jaworski had refused to participate in treatment and lacked insight as to his sex offending behavior and his sexual deviance.  Additional information relevant to the issues raised on appeal will be provided below.

## ANALYSIS

### I.    Jaworski forfeited his objection to the circuit court's consideration of his refusal to participate in treatment.

¶3    Jaworski argues that the circuit court improperly considered his refusal to participate in treatment when it denied his petition for discharge. However, "[i]t is a fundamental principle of appellate review that issues must be preserved at the circuit court.  Issues that are not preserved at the circuit court … generally will not be considered on appeal."  *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4 Here, Jaworski, as the party raising the issue on appeal, "bears the burden of showing that the issue was raised before the circuit court." *See id.* He has not done so. Because Jaworski did not make a timely and adequate objection to evidence about his refusal to participate in treatment or move to strike the testimony, we conclude that he forfeited review of this issue.[2] *See id.*, ¶11 n.2.

## II. The record belies Jaworski's claim that the circuit court improperly prevented his trial counsel from questioning Dr. Fields.

¶5 Jaworski further contends that the circuit court did not allow trial counsel to re-examine Dr. Sheila Fields after the circuit court completed its own questioning. The record belies his claim.

¶6 The transcript reflects that after the circuit court completed its examination of Dr. Fields, the following exchange occurred:

> THE COURT: Follow up [trial counsel]?
>
> [TRIAL COUNSEL]: Hold on one second, Judge. No, I'm done.
>
> [PROSECUTOR]: I have nothing further.
>
> THE COURT: Okay. Thanks, Doctor.

¶7 Contrary to Jaworski's assertion, the circuit court gave his trial counsel an opportunity to question Dr. Fields after it questioned her. In his reply

---

[2] At one point, Jaworski's attorney objected to a question asked of an expert about whether Jaworski had refused to participate in treatment. Trial counsel did not explain the basis for the objection, and the circuit court overruled it. Beyond that one vague objection, no other objections were made to questioning related to Jaworski's participation in treatment. *See* WIS. STAT. § 901.03(1)(a) (providing that for an error to be predicated upon a ruling admitting evidence, a substantial right of the party must be affected and there must be a timely objection or motion to strike stating the specific ground of objection, if the specific ground was not apparent from the context).

brief, Jaworski contends that "the transcript is wrong and that is a fact." The only support he offers is his contention that the circuit court told his attorney to sit down when he attempted to question Dr. Fields. This self-serving and conclusory claim of error is without support and does not provide a basis for granting relief. Jaworski fails to identify the portions of the trial transcripts that have been allegedly altered or provide any legal authority in support of his claim. Consequently, we conclude that this claim of error is inadequately briefed, and accordingly, we decline to address it any further. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (stating that this court will not address issues on appeal that are inadequately briefed).

### III. The circuit court's failure to consider Jaworski's eligibility for supervised release was harmless error.

¶8      Lastly, Jaworski claims that WIS. STAT. § 980.09(4) required the circuit court to consider whether he was eligible for supervised release when it denied his discharge petition. That subsection provides that when a factfinder determines that a person still meets criteria for commitment at a discharge trial, "the court shall proceed" to determine if the person is eligible for supervised release "unless the person waives consideration of the criteria in s. 980.08(4)(cg)."

¶9      Jaworski did not waive consideration of the criteria in WIS. STAT. § 980.08(4)(cg). Therefore, in seeking supervised release, Jaworski had the burden to prove by clear and convincing evidence that he met § 980.08(4)(cg)'s five criteria, including that he "is making significant progress in treatment and

the … progress can be sustained while on supervised release."[3]  *See* § 980.08(4)(cg)1. & (cj).

¶10    The State acknowledges that the circuit court did not expressly consider Jaworski's eligibility for supervised release after it denied his discharge petition at trial.  However, the three experts at trial agreed, and the circuit court found, that Jaworski was not participating in treatment.

¶11    Because Jaworski was not participating in treatment, the circuit court could not find that the first criteria was satisfied.  The circuit court could not authorize supervised release unless it found that *all* of the WIS. STAT. § 980.08(4)(cg) criteria were satisfied.  Consequently, we agree with the State that

---

[3] A person has made "significant progress in treatment" when the person is doing all of the following:

> (a) Meaningfully participating in the treatment program specifically designed to reduce his or her risk to reoffend offered at a facility described under s. 980.065.

> (b) Participating in the treatment program at a level that is sufficient to allow the identification of his or her specific treatment needs and demonstrating, through overt behavior, a willingness to work on addressing the specific treatment needs.

> (c) Demonstrating an understanding of the thoughts, attitudes, emotions, behaviors, and sexual arousal linked to his or her sexual offending and an ability to identify when the thoughts, emotions, behaviors, or sexual arousal occur.

> (d) Demonstrating sufficiently sustained change in the thoughts, attitudes, emotions, and behaviors and sufficient management of sexual arousal such that one could reasonably assume that, with continued treatment, the change could be maintained.

WIS. STAT. § 980.01(8)(a)-(d).

any error in this regard was harmless.[4]  *See* WIS. STAT. § 980.038(6) (providing that in chapter 980 cases, "[t]he court shall, in every stage of a proceeding under this chapter, disregard any error or defect in the pleadings or proceedings that does not affect the substantial rights of either party").

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] We acknowledge that the circuit court should have addressed this issue promptly after concluding that the State had satisfied its burden of proof to show that Jaworski met the criteria for continued commitment.